Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KING OF STONES LLC**<br>665 INDEPENDENCE DR<br>NAPOLEON, OH 43545<br><br>*AND*<br><br>**CARLOS CARDOSO DE CARVALHO**<br>665 INDEPENDENCE DR<br>NAPOLEON, OH 43545<br><br>*Plaintiffs.*<br><br>vs.<br><br>**KRISTI NOEM,** SECRETARY, U.S. DEPT. OF HOMELAND SECURITY<br>C/O OFFICE OF THE GENERAL COUNSEL<br>245 MURRAY LANE, SW<br>2707 MARTIN LUTHER KING JR. AVE, SE<br>WASHINGTON, DC 20528-0485<br><br>*AND*<br><br>**JOSEPH B. EDLOW**, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES | **COMPLAINT FOR**<br><br>**DECLARATORY RELIEF AND**<br><br>**REVIEW OF AGENCY ACTION**<br><br>**UNDER THE ADMINISTRATIVE**<br><br>**PROCEDURE ACT** |

- 1

1  C/O OFFICE OF CHIEF COUNSEL
2  5900 CAPITAL GATEWAY DRIVE
   MAIL STOP 2120
3  CAMP SPRINGS, MD 20588-0009

4   AND

5
6  **CONNIE NOLAN,** ASSOCIATE
   DIRECTOR, SERVICE CENTER
7  OPERATIONS DIRECTORATE,
   C/O OFFICE OF CHIEF COUNSEL
8  5900 CAPITAL GATEWAY DRIVE
   MAIL STOP 2120
9  CAMP SPRINGS, MD 20588-0009
10
11  *Defendants.*

   Comes now, King of Stones LLC (hereinafter "the Company" and/or "Lead Plaintiff") and Mr. Carlos Cardoso de Carvalho (hereinafter "Mr. Cardoso de Carvalho" and/or "Plaintiff") by and through undersigned counsel to file this civil action seeking declaratory relief and review of agency action under the Administrative Procedure Act U.S.C. §§ 701–706, based on Defendants' capricious and arbitrary denial of the L-1A nonimmigrant extension petition filed by the Plaintiff.

   Therefore, Plaintiffs state the following in support of this action:

## PARTIES

1. Plaintiff, King of Stones LLC, is a U.S.-based enterprise that provides custom-made natural and engineered stone products for residential and commercial buildings.

2. Plaintiff, Mr. Carlos Cardoso de Carvalho, is a native and citizen of Brazil and the beneficiary of an approved initial L-1A nonimmigrant petition (WAC2318950269), valid until August 20, 2024. He is also the beneficiary of an approved EB-1C immigrant petition (IOE0928562273).

3. Defendant, Kristi Noem is the duly appointed Secretary of the Dept. of Homeland Security. In the official capacity as the Secretary, she oversees the United States Department of Homeland Security (hereafter "DHS"), which includes the sub-agency, USCIS, and verifying that the Immigration and Nationality Act (hereafter "INA") regulations are being implemented. She is further authorized to delegate certain powers and authority to subordinate employees of USCIS.

4. Defendant, Joseph B. Edlow, is duly appointed as the Director of USCIS, with the duty to oversee the adjudication of immigration benefits pursuant to the Immigration and Nationality Act, 8 U.S.C. §1101 et. seq. This duty includes the requirement to complete proceedings within a reasonable time, including petitions for nonimmigrant classifications such as L-1A, as well as immigrant visa petitions and adjustment of status applications. He is sued in her official capacity only.

5. Defendant, Connie Nolan, is sued in her official capacity as the Associate Director for the USCIS Service Center Operations Directorate. Ms. Nolan's Service Center Operations Directorate provides services for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits, including

I-129 nonimmigrant petitions such as Plaintiff's L-1A petition. She is sued in her official capacity only.

**JURISDICTION AND VENUE**

6. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, which authorizes this Court to review and set aside agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which confers jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

8. Specifically, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. § 555(b) & § 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. § 1361, which gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States, or any agency therefore to perform a duty owed to the plaintiff.

9. Furthermore, the Declaratory Judgment Act, 28 U.S.C. 2201, provides that "in a case of actual controversy within its jurisdiction … any court of the U.S., upon filing of an appropriate pleading, may declare the rights of any interested party seeking such declaration, whether or not further relief could be sought."

10. 28 U.S.C. § 1391(e), as amended, provides that venue for suits against the U.S., a federal agency, or a federal official acting in his or her official capacity, can be brought

in any one of the three judicial districts where: 1) where a defendant resides; 2) where a substantial part of the events or omissions giving rise to the claim occurred; or 3) where the plaintiff resides if no real property is involved.

11. Venue is proper in this District because the majority of the actions giving rise to this case occurred within this district. As already mentioned above, the Defendant, Kristi Noem, is sued in her official capacity as Secretary of the Department of Homeland Security, a U.S. federal agency that oversees the other named defendants.

12. Furthermore, because the relevant actions and decisions concerning the adjudication of petitions and applications for immigration benefits—including immigrant visa petitions and adjustment of status—took place within this district, venue is proper here.

13. Therefore, under 28 U.S.C. § 1391(e)(2) & (3), venue is proper in the U.S. Central District of California.

## STATUTORY AND REGULATORY BACKGROUND

14. The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., provides the statutory framework governing nonimmigrant and immigrant visa classifications, including the L-1A nonimmigrant category for intracompany transferees employed in a managerial or executive capacity, and the EB-1C immigrant category for multinational managers and executives.

15. Under 8 U.S.C. § 1101(a)(15)(L), the L-1 nonimmigrant classification is available to qualified intracompany transferees who, within three years preceding admission, have

been employed continuously for one year abroad in a managerial, executive, or specialized knowledge capacity, and who seek to enter the United States temporarily to continue service with the same employer or a qualifying organization.

16. USCIS regulations at 8 C.F.R. § 214.2(l) govern the L-1 category. These regulations define "executive capacity" and "managerial capacity" at 8 C.F.R. § 214.2(l)(1)(ii)(B)–(C) and require that a petitioning employer demonstrate that the beneficiary will be employed in one of these roles in the United States.

17. A beneficiary admitted in L-1A status may seek to extend such status through the timely filing of a Form I-129 petition. Pursuant to 8 C.F.R. § 214.2(l)(12)(i), a qualifying organization may file an extension petition before expiration of the previously approved validity period.

18. While a timely filed L-1A extension petition is pending, the beneficiary is authorized to remain in the United States in a period of authorized stay. 8 C.F.R. § 274a.12(b)(20).

19. The INA also provides a path to permanent residence for multinational managers and executives under the EB-1C immigrant visa category, codified at 8 U.S.C. § 1153(b)(1)(C). The requirements for EB-1C classification mirror those of the L-1A, requiring evidence that the beneficiary has been employed abroad and will be employed in the United States in a managerial or executive capacity.

20. USCIS's approval of an EB-1C petition necessarily reflects a determination that the beneficiary satisfies the statutory and regulatory criteria for multinational executives and managers, which substantially overlap with those of the L-1A category.

21. The Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., governs judicial review of agency action. The APA requires courts to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

22. Agency action is arbitrary and capricious where it is inconsistent with prior determinations on materially identical facts, fails to provide a reasoned explanation, or disregards relevant evidence. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983); *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016).

## FACTUAL BACKGROUND

23. Mr. Cardoso de Carvalho entered the U.S. on November 7, 2022, under a B-2 status and was admitted until May 5, 2023.

24. On May 4, 2023, Lead Plaintiff applied for L-1A nonimmigrant petition (WAC2318950269). On August 21, 2023, USCIS approved Lead Plaintiff's initial L-1A nonimmigrant petition (WAC2318950269), which authorized Mr. Cardoso de Carvalho to remain in the United States in executive/managerial capacity until August 20, 2024.

25. On August 16, 2024, Lead Plaintiff timely filed a petition to extend Mr. Cardoso de Carvalho's L-1A status (SRC2426550523) as an intracompany transferee in an executive capacity pursuant to section 101(a)(15)(L) of INA, 8 U.S.C. § 1101(a)(15)(L),

prior to the expiration of the initial L-1A period. While this extension petition remained pending, Mr. Cardoso de Carvalho continued to maintain lawful nonimmigrant status pursuant to 8 C.F.R. § 274a.12(b)(20), which permits an alien to remain in the United States while a timely-filed extension petition is pending.

26. On November 8, 2024, the Company filed an immigrant petition on Form I-140 under the EB-1C classification (Multinational Manager or Executive), seeking to classify Mr. Cardoso de Carvalho as a multinational executive (USCIS Receipt #: IOE0928562273). Concurrently with the EB-1C filing, Plaintiff submitted Form I-485, Application to Register Permanent Residence or Adjust Status. This application remains pending before USCIS.

27. On January 1, 2025, USCIS approved the EB-1C petition, finding that Mr. Cardoso de Carvalho satisfied the statutory and regulatory requirements of an executive capacity under INA § 101(a)(44)(B).

28. However, USCIS denied the L-1A extension petition on June 20, 2025, concluding that Mr. Cardoso de Carvalho would not be employed in a qualifying managerial or executive capacity.

29. USCIS denied the L-1A petition on the grounds that Mr. Cardoso de Carvalho would not be employed in a managerial or executive capacity. However, the record establishes that Mr. Cardoso de Carvalho serves in an executive capacity as defined by INA § 101(a)(44)(B) and 8 C.F.R. § 214.2(l)(1)(ii)(C). As CEO, he possesses and exercises full discretionary authority over the company's strategic direction and high-

level policies. He does not engage in day-to-day operational tasks, which are delegated to the Chief Operating Officer and subordinate managers, each responsible for supervising their own departments.

30. Moreover, USCIS's denial is contradicted by its approval of Mr. Cardoso de Carvalho's EB-1C immigrant petition (IOE0928562273), filed on November 8, 2024 and approved on January 1, 2025. The EB-1C immigrant classification applies the same statutory definitions of "managerial" and "executive capacity" as the L-1A nonimmigrant classification. See INA § 101(a)(44). Having determined that Mr. Cardoso de Carvalho meets these standards for permanent residence, USCIS cannot, without reasoned explanation, conclude otherwise in the nonimmigrant context.

31. The denial also failed to consider the company's organizational hierarchy and staffing in light of its reasonable needs and stage of growth, as required by 8 C.F.R. § 204.5(j)(4)(ii) and the Adjudicator's Field Manual, Ch. 22.2(i)(G). King of Stones LLC has grown into a multi-layered enterprise with a management team sufficient to relieve Mr. Cardoso de Carvalho from performing non-executive functions.

32. The beneficiary, Mr. Cardoso de Carvalho, is the CEO and Managing Director of the company and he has held complete autonomy in the decision-making processes, delegating decision-making powers to the COO who in her turn delegates her decision-making powers to lower-level managers, with regard to minor issues and/or ordinary daily activities of the company in their respective departments.

33. At the Executive Level, Mr. Cardoso de Carvalho, who serves as the CEO and Managing Director, establishes the company's goals and policies, exercises wide latitude in discretionary decision-making, and directs the work of the Chief Operating Officer (COO). As the CEO, Mr. Cardoso de Carvalho is also the highest executive in the company and therefore does not receive supervision from anyone at King of Stones LLC as there is no one above him in the hierarchical structure of the organization.

34. At the Managerial Level I, Tarine Cardoso, in her role as COO, supervises the work of three managers: the Operations Manager, the Purchasing Manager, and the Sales Manager.

35. At the Managerial Level II, Angel David (Operations Manager), Leonardo Fontana (Purchasing Manager), and Berenice Warth (Sales Manager) each oversee their respective departments and supervise the work of the operational employees.

36. At the Operational Level, the employees—Carlos Mauricio, Jair Derlann, Wilber Reys, Antony Wayne, Gabriela Moreno, Matthew John Waite, Mary Lacourse, and new hires—perform the services essential to the company's daily operations. Their responsibilities include cutting and finishing stones, organizing the warehouse, installing finished products, and managing sales to customers.

37. The beneficiary's subordinate employees: Tarine Cardoso (COO), Angel David (Operation Manager), Leonardo Fontana (Purchasing Manager) and Berenice Warth (Sales Manager) are all employed in a managerial capacity.

38. In response to the Request for Evidence, the Company submitted additional supporting documentation, including letters from the Chief Operating Officer, the Operations Manager, the Purchasing Manager, and the Sales Manager. Each letter confirms the individual's employment with the company and attests that they have been performing their respective managerial duties and responsibilities within the organization. The Company also submitted the company's organizational chart, demonstrating the existence of at least three levels of hierarchy under the beneficiary. In addition, the Company provided King of Stones, LLC's business plan; a letter from the Human Resources representative detailing the staff, their roles, and respective wages; W-9 contracts to demonstrate the exclusive employment relationship; and company bank statements showing the transfers and payments made to the employees.

39. The current staff roles and responsibilities within the company indicate that Mr. Cardoso de Carvalho, the beneficiary, is not engaged in day-to-day operational activities.

40. Despite the extensive documentation provided, USCIS concluded that Mr. Cardoso Carvalho would not be employed in a qualifying managerial or executive capacity. This conclusion is unsustainable, as it disregards the preponderance of evidence demonstrating that the petitioner's organizational structure and staffing sufficiently relieve Mr. Cardoso de Carvalho from performing non-executive functions.

41. The company's hierarchy consists of multiple managerial levels and operational employees, reflecting a multi-layered structure adequate for its size and stage of

development. USCIS was required to evaluate staffing levels in light of the reasonable needs of the organization and its stage of growth[1]. However, the denial fails to reflect such consideration, ignoring clear evidence that the petitioner's staff composition, consisting of a COO, three subordinate managers, and multiple operational employees, adequately supports an executive position.

42. Furthermore, USCIS's denial is inconsistent with its own subsequent approval of Mr. Cardoso de Carvalho's immigrant petition under the EB-1C classification, which applies the same statutory definition of "executive capacity" as the L-1A classification[2]. In approving the EB-1C petition, USCIS expressly found that Mr. Cardoso de Carvalho satisfied the statutory and regulatory requirements of an executive capacity under INA § 101(a)(44)(B).

43. Having reached that determination, the agency cannot, without reasoned explanation, conclude otherwise in the nonimmigrant context based on identical facts and documentation.

44. The record before USCIS also included detailed evidence of Mr. Cardoso de Carvalho's executive functions and achievements. As established in the letter from the Company's Chief Operating Officer, Mr. Cardoso de Carvalho played a pivotal role in developing strategic partnerships, expanding the company's market reach, establishing showrooms, and negotiating contracts with major industry players such as Sauder

---

[1] 8 C.F.R. § 214.2(l)(14)(ii)(D)
[2] https://www.uscis.gov/policy-manual/volume-2-part-l-chapter-3

- 12

Furniture, Lowe's, and X-Stone. These activities clearly reflect high-level strategic oversight and decision-making rather than operational execution. Moreover, as the CEO and Managing Director, Mr. Cardoso de Carvalho holds complete autonomy over the company's strategic and financial direction, with no supervision from any higher-level executive within the organization.

45. The record thus demonstrated that all four prongs of the regulatory definition of executive capacity were met: (1) Mr. Cardoso de Carvalho directs the management of the organization; (2) he establishes the company's goals and policies; (3) he exercises wide discretion in decision-making; and (4) he receives only general supervision from the company's ownership.

46. By ignoring these uncontroverted facts and substituting unsupported assumptions for the evidentiary record, USCIS acted arbitrarily and capriciously. The decision failed to evaluate the company's evidence under the proper preponderance of evidence standard and to account for the organization's reasonable staffing needs given its operational scale and stage of growth. It further disregarded the agency's own guidance in the Adjudicator's Field Manual, Chapter 22.2(i)(G)[3], which instructs adjudicators not to impose undefined or unsupported notions of "common business practice" but to assess the petitioner's reasonable needs in context.

---

[3] https://www.uscis.gov/sites/default/files/document/policy-manual-afm/afm20-external.pdf

47. Accordingly, USCIS's denial of the L-1A extension petition is unsupported by substantial evidence, inconsistent with the agency's own EB-1C determination, and contrary to the statutory and regulatory framework governing executive capacity.

### EXHAUSTION OF REMEDIES

48. Plaintiffs have exhausted their administrative remedies.

49. The agency's decision constitutes a final agency action within the meaning of 5 U.S.C. § 704, as no further administrative appeal or review remains available..

50. Neither the Act nor U.S. Dept. of Homeland Security's regulations via 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

51. In addition, under 5 U.S.C. §§ 702, 704, Plaintiffs have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

### CLAIMS FOR RELIEF:

### I. ADMINISTRATIVE PROCEDURE ACT VIOLATION

52. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

53. The denial of the I-129 petition is an agency action under the Administrative Protective Act ("APA").

54. Pursuant to 5 U.S.C. § 701 et seq., the APA governs the review of agency action where a person has suffered a "legal wrong" or has been "adversely affected or aggrieved by agency action.

55. Here, indeed the denial of the I-129 petition is improper and reviewable under 5 U.S.C. § 702.

56. It is understood that in an APA suit, the court's review is largely limited to the contents of the administrative record … the court thus sits as an appellate tribunal to determine whether as a matter of law, the record supports the agency's decision. [*Khedkar v. USCIS*, 2021 U.S. Dist. LEXIS 146437, *7 (D.D.C. 2021)].

57. 5 U.S.C. 706(2) states that "the reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

58. Therefore, under this standard of review, the agency's decision will be reversed if it "*entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise*" [*DHS v. Regents of the Univ. of Cal*, 140 S. Ct. 1891, 1913(2020)].

59. First, the agency's decision to deny the I-129 petition should be reversed because USCIS failed to consider an important aspect of the record in this case.

60. Defendant USCIS violated the APA when it denied Plaintiffs' Form I-129 petition seeking to extend L-1A classification for Mr. Carlos Cardoso de Carvalho, Chief Executive Officer and Managing Director of King of Stones LLC.

61. The denial was arbitrary and capricious because USCIS disregarded substantial evidence establishing that Mr. Cardoso de Carvalho was and would continue to be

employed in an executive capacity as defined by the Immigration and Nationality Act ("INA") § 101(a)(44)(B) and its implementing regulations at 8 C.F.R. § 214.2(l)(1)(ii)(C).

62. Plaintiffs submitted extensive documentation demonstrating that Mr. Cardoso de Carvalho exercises full discretionary authority over the company's strategic direction and high-level policies, and that day-to-day operational duties are delegated to the Chief Operating Officer and subordinate managers.

63. The decision further contravenes the agency's own subsequent determination approving Mr. Carvalho's immigrant petition under the EB-1C classification (Receipt No. IOE0928562273), which applies the same statutory and regulatory definitions of "executive capacity."

64. By finding that Mr. Carvalho qualified as an executive for purposes of the EB-1C immigrant classification but not for the L-1A nonimmigrant classification based on the same underlying record, USCIS acted inconsistently and without reasoned explanation, rendering the decision arbitrary and capricious within the meaning of 5 U.S.C. § 706(2)(A).

65. But even USCIS argues that the revocation decision is committed by the Attorney General's unfettered discretion, § 1252(a)(2)(B)(ii) would not deprive this Court of jurisdiction because Plaintiffs are not asking the Court to second guess USCIS' decision to deny the I-129 petition.

66. Instead, the Plaintiffs request to be granted an opportunity to be heard on the matter, and it is incumbent upon this Court to issue a final decision. The question of whether USCIS must provide them with that opportunity is a purely legal matter within the jurisdiction of this Court.

67. Thus, the Plaintiffs seek the Court's intervention to ensure their right to due process is upheld and to render a definitive ruling on the matter.

68. Because of Defendants' erroneous decision on Plaintiff's I-129 Petition, Mr. Cardoso de Carvalho and his derivatives are now going through an unnecessary emotional and financial hardship that could have been avoided, if Defendants had acted diligently in the adjudication of their case.

69. Defendant's, USCIS' factual findings are clearly erroneous and not supported by the record because no connection exists between the conclusions asserted by USCIS in its denial and the facts in the records.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment on their behalf consisting of the following:

1. Assume jurisdiction and proper venue over this action.

2. Set aside and vacate USCIS's denial of the Form I-129 petition as unlawful under the Administrative Procedure Act;

3. Order USCIS to reopen the wrongfully denied I-129's Petitions for the renewal L1-A of Mr. Cardoso de Carvalho and his derivatives' I-539 form

and, approve Plaintiffs' Form I-129 petition extending Mr. Cardoso de Carvalho's L-1A classification, or in the alternative, to remand the matter to USCIS for a new adjudication consistent with the Court's findings.

4. Declare that Plaintiffs have satisfied all requirements for the requested immigration benefit and that Mr. Carvalho's position qualifies as an executive capacity position under INA § 101(a)(44)(B);

5. Award Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

6. Award such further relief as the Court deems just, necessary, or proper.

Date: October 13, 2025

Respectfully submitted,

/s/ Marcelo Gondim

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-777
Email: court@gondim-law.com

*Attorneys for Plaintiffs*

/

/