Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KING OF STONES LLC, ET AL.**<br>*Plaintiffs,*<br>vs.<br><br>**KRISTI NOEM, ET AL.**<br>*Defendants.* | **NO. #: 5:25-CV-2692**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND LOCAL RULE 65-1**<br><br>**FED. R. CIV. P. 65(A)**<br><br>**LOCATION: CENTRAL DISTRICT OF CALIFORNIA**<br>**JUDGE: HON. KENLY KIYA KATO**<br>**HEARING DATE: JULY 23, 2026**<br>**TIME: 9:30 A.M.**<br>**COURTROOM: 3** |

**PLEASE TAKE NOTICE** that on July 23, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, California 92501, Plaintiffs King of Stones LLC and Carlos Cardoso de Carvalho will,

and hereby do, move the Court, the Honorable Kenly Kiya Kato presiding, for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule 65-1.

This Motion seeks an order enjoining Defendants from adjudicating, denying, or otherwise taking adverse action on Plaintiffs' Forms I-485, and from treating Plaintiffs as having failed to maintain status, while this Court reviews the challenged March 24, 2026 denial of the Form I-129 petition, so as to preserve the status quo pending final resolution of this action. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed declarations and exhibits, the complete files and records in this action, and any further evidence and argument presented at or before the hearing.

COMES NOW Plaintiffs King of Stones LLC ("Lead Plaintiff") and Mr. Carlos Cardoso de Carvalho (hereinafter "Mr. Carvalho", and/or "Plaintiff"), by and through their undersigned counsel, will and hereby do move the Court for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule 65-1.

Plaintiffs seek an order to enjoin the Defendant, United States Citizenship and Immigration Services (USCIS), and any agents, employees, or representatives thereof, from adjudicating or denying Form I-485, Application to Register Permanent Residence or Adjust Status, on behalf of Mr. Carlos Cardoso de Carvalho, the derivative Forms I-539 filed on behalf of his spouse and minor children, while this Court reviews the challenged March 24, 2026 L-1A denial. Plaintiffs further request that Defendants be

enjoined from taking any enforcement action premised on the challenged denials, including by treating Plaintiffs as having failed to maintain status, that would interfere with, compromise, or terminate the family's pending Form I-485 based on Mr. Carvalho's approved EB-1C immigrant petition. This request comes after USCIS issued Plaintiffs an RFE for form I-485 on April 2, 2026 requesting proof of lawful status at the time Mr. Cardoso de Carvalho filed Form I-485. However, this task proves to be difficult, as Mr. Cardoso de Carvalho's Form I-129, Petition for a Nonimmigrant Worker (the L-1A extension petition filed by his employer, King of Stones LLC), was wrongfully denied on March 24, 2026. Because the I-129 petition was wrongfully denied, USCIS should not deny Mr. Cardoso de Carvalho's I-485 application, as this will have serious adverse consequences for Mr. Cardoso de Carvalho and his qualifying family. As such, we respectfully ask this Court to not allow a denial of Mr. Cardoso de Carvalho's Form I-485. In support thereof, Plaintiffs state as follows:

1. Federal Rule of Civil Procedure 65 provides for the issuance of a preliminary injunction under the circumstances such as exists in the present case.
2. In support of this motion, Plaintiff further submits the Memorandum in Support of Motion for Preliminary Injunction, which addresses all necessary elements for the entry of such order.
3. The irreparable harm being suffered by Plaintiffs and Mr. Carvalho's family warrants preliminary injunctive relief to preserve the status quo pending final resolution of this case.

4. If this Court does not enjoin Defendants from enforcing the potential denial of the I-485 application, and from acting upon or prosecuting the NTAs that will potentially be issued against the Plaintiffs, the family will suffer irreparable harm, including loss of lawful presence, loss of employment authorization, inability to lawfully work or maintain a driver's license, loss of income and business operations, exposure to detention, and the institution or continuation of removal proceedings, particularly affecting Plaintiff's minor children who have pending adjustment applications and strong equities in the United States.

5. Mr. Carvalho's employment is the sole source of income for his household, upon which his wife and three daughters depend entirely. His daughters — the eldest in her second year of college, the second in high school, and the youngest twelve years of age — are excelling academically and have built their schooling, friendships, and community here in the United States. The family has committed itself permanently to this country, transferring its savings and selling its property in Brazil to invest in a home here, and fears returning to Brazil, where its members have been victimized on multiple occasions. Mr. Carvalho's widowed mother and his sister's family reside next door, and removal would sever these close familial bonds. The loss of Mr. Carvalho's employment authorization, the threat of removal, and the prospect of family separation have already caused the family acute financial hardship and severe emotional distress — harms that cannot be remedied after the fact.

6. Plaintiffs provided notice of this Motion and the accompanying Memorandum to Defendants' counsel of record via email on May 1, 2026. Proof of service is filed contemporaneously herewith.

Wherefore, for the foregoing reasons and for those set in the Plaintiff's Memorandum of Law, Plaintiff respectfully moves that the Court enter a Preliminary Injunction pending final resolution of this case:

(A) To enjoin Defendants from adjudicating, denying, or otherwise taking adverse action on Plaintiffs' Form I-485 applications filed pursuant to and based upon an approved EB-1C immigrant petition;

(B) To order Defendants to hold Plaintiffs' April 2, 2026 Request for Evidence in abeyance, to preserve the pendency of Plaintiffs' Form I-485 applications, and to refrain from adjudicative action that would render this Court's review of the challenged I-129 denial ineffectual while this action is pending;

(C) To maintain Plaintiffs' ability to seek continued ancillary benefits associated with the pending adjustment applications, including employment authorization, to the extent necessary to preserve the status quo while this action is pending; and

(D) To grant a Preliminary Injunction pending final resolution of this case.

Date: June 23, 2026

Respectfully submitted,

<u>/s/ Marcelo Gondim</u>
Marcelo Gondim (SBN 271302)
Gondim Law Corp.

1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiffs

/

Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KING OF STONES LLC, ET AL.**<br>Plaintiffs,<br>vs.<br>**KRISTI NOEM, ET AL.**<br>Defendants. | **No. 5:25-CV-2692**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65-1, Plaintiffs respectfully move this Court to enter a preliminary injunction against Defendants pending final resolution of this case. The Court may grant a preliminary injunction if Plaintiffs demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable injury in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In this Circuit, these factors are evaluated on a sliding scale, such that when the movant raises serious questions going to the merits and the balance of hardships tips sharply in its favor, an injunction may issue so long as the

remaining factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## I. INTRODUCTION

Plaintiffs respectfully seek narrow interim relief to preserve this Court's ability to review USCIS's final March 24, 2026 denial of the L-1A Form I-129 petition filed by King of Stones LLC on behalf of Mr. Carvalho. The live merits claim is an Administrative Procedure Act challenge to that final agency action. Because the denial of the I-129 is the predicate obstacle USCIS now invokes to question the family's adjustment eligibility, Plaintiffs seek an order preserving the pendency and meaningful adjudication of the family's Forms I-485 while this Court reviews the lawfulness of the I-129 denial.

USCIS's denial is arbitrary on its face because it cannot be reconciled with the agency's approval of Mr. Carvalho's EB-1C immigrant petition, which necessarily accepted that he would serve in a qualifying managerial or executive capacity for the same petitioning enterprise. Yet, in denying the L-1A extension, USCIS concluded the opposite on materially overlapping facts and capacity requirements. That unexplained inconsistency is the centerpiece of Plaintiffs' likelihood-of-success showing and underscores why preserving the status quo is necessary.

If USCIS is permitted to deny the I-485 applications on the basis of the wrongful I-129 denial and to commence removal proceedings, Mr. Carvalho will lose his employment authorization and lawful presence, his family will face the threat of removal

and separation, and this Court's review of the challenged determinations will be frustrated. The harm is immediate, concrete, and irreparable.

## II. JURISDICTION

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 to review Plaintiffs' claim under the Administrative Procedure Act, 5 U.S.C. §§ 701–706. The challenged March 24, 2026 denial of the Form I-129 petition is final agency action within the meaning of 5 U.S.C. § 704 because it marks the consummation of USCIS's decision-making process on the petition and determines legal consequences for Plaintiffs, including the loss of the nonimmigrant status foundation USCIS now invokes against the pending adjustment applications. Plaintiffs do not ask this Court to review or enjoin any discretionary adjustment-of-status determination as such; rather, they challenge the antecedent final denial of the I-129 as arbitrary, capricious, contrary to law, and unsupported by the record. Nor do Plaintiffs seek relief that would intrude upon the Government's decision or action to commence proceedings, adjudicate cases, or execute removal orders within the meaning of 8 U.S.C. § 1252(g). To the extent the requested interim relief touches removal-related consequences, it is sought only to preserve the status quo and the meaningful pendency of the family's Forms I-485 while the Court reviews the final I-129 denial. For the same reason, 8 U.S.C. § 1252(a)(2)(B)(i) does not strip jurisdiction: Plaintiffs are not challenging a judgment granting or denying relief under § 1255, but the legality of a separate final petition denial that supplies the asserted

basis for jeopardizing the pending adjustment applications. Section 1252(a)(2)(B)(ii) is likewise inapplicable, because the denial of the I-129 petition is not a decision "specified under this subchapter to be in the discretion of" the Secretary; eligibility for L-1A classification turns on statutory and regulatory criteria that are reviewable for legal error and arbitrariness. Sections 1252(a)(5) and 1252(b)(9) do not channel this challenge into a petition for review either, because no order of removal has been entered and Plaintiffs do not challenge any removal order or any claim arising from removal proceedings; they challenge a discrete final petition denial under the APA. See *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016). The Court therefore retains authority to review the I-129 denial under the APA and to enter status-quo relief necessary to protect that review.

## **III. LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs preliminary injunctions. Fed. R. Civ. P. 65. A preliminary injunction preserves the status quo pending final resolution of the case and is appropriate where the movant satisfies the governing equitable factors.

A preliminary injunction is an "extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). The Court may issue a preliminary injunction where the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest.

Where a case involves government action, the courts also consider the public interest, because "the party opposing injunctive relief is a government entity" and, accordingly, the third and fourth factors merge. *Nken v. Holder*, 556 U.S. 418 (2009).

The Ninth Circuit weighs these factors on a sliding scale, such that where there are only "serious questions going to the merits" — that is, less than a "likelihood of success" on the merits — a preliminary injunction may still issue so long as "the balance of hardships tips sharply in the [movant's] favor" and the other two factors are satisfied. *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *Short v. Brown*, 893 F.3d 671 (9th Cir. 2018).

## IV. ARGUMENT

The interim relief Plaintiffs seek is properly tethered to the claim pleaded in this action. A court may grant injunctive relief only where there is a sufficient nexus between the claims raised in the motion and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). That nexus is satisfied here: this action challenges the March 24, 2026 L-1A denial as arbitrary and capricious, and the relief requested—restraining USCIS from using that same denial as the basis to deny the pending Forms I-485 or to deem Plaintiffs to have failed to maintain status—redresses the direct downstream consequences of the very agency action under review. This case is therefore unlike those declining to enjoin agency action

collateral to the pleaded claim. Cf. *Decor Team, LLC v. McAleenan*, 2020 WL 1536260 (D. Ariz. Mar. 31, 2020) (denying relief that sought a status determination different from the petition denial challenged in the complaint).

**A. Plaintiffs Are Likely to Succeed on the Merits**

Plaintiffs are likely to succeed because USCIS's denial of the L-1A extension petition cannot be reconciled with its approval of Mr. Carvalho's EB-1C immigrant petition. Both determinations turned on materially overlapping facts concerning whether Mr. Carvalho would serve in a qualifying managerial or executive capacity for King of Stones. USCIS cannot approve the EB-1C on that premise and then, without reasoned explanation, deny the L-1A by concluding the opposite. That unexplained agency inconsistency is powerful evidence that the I-129 denial was arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A). An agency that reaches contradictory conclusions on materially identical records must, at a minimum, supply a reasoned explanation for the disparate treatment; an unexplained inconsistency is itself a basis for holding the action arbitrary and capricious. See *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221–22 (2016). Because USCIS's April 2, 2026 Request for Evidence to the pending I-485 applications relies on the consequences of that same I-129 denial, preserving the pendency of the adjustment applications while the Court reviews the petition denial is appropriate and necessary.

The L-1A denial cannot withstand scrutiny. To qualify for L-1A classification, the petitioner must establish a qualifying relationship between the United States and foreign entities, that the beneficiary was employed abroad in a managerial or executive capacity for at least one continuous year within the three years preceding the petition, and that the beneficiary will be employed in the United States in a managerial or executive capacity. See 8 C.F.R. § 214.2(l). USCIS did not dispute the qualifying corporate relationship or the beneficiary's qualifying year of foreign employment. It denied the petition on a single ground that King of Stones had not established the beneficiary would be employed in a primarily managerial or executive capacity resting that conclusion on four findings: that the beneficiary's duties were described in vague and generalized terms; that he in fact performs day-to-day operational work, such as sourcing premium stone, negotiating supplier and logistics terms, and overseeing trade-show participation and showroom expansion, alongside other employees; that the company's organizational structure and staffing were insufficient to relieve him of such non-qualifying tasks, including because the Chief Operating Officer is the beneficiary's spouse; and that the petition's description of the beneficiary in an "executive" capacity was an unexplained material change from the prior petition's "managerial" characterization that cast doubt on the entire record.

Each of USCIS's stated grounds is erroneous. First, an intracompany transferee qualifies if he will serve in either a managerial or executive capacity; refinement of the role description between filings is not a disqualifying contradiction where both characterize a statutorily qualifying capacity under INA § 101(a)(15)(L) and 8 C.F.R. §

214.2(l). Second, the record identified specific high-level functions and a documented subordinate tier beneath Mr. Carvalho, including management personnel responsible for operations, purchasing, and sales, which is materially different from a bare owner-operator model. Third, any anticipated reliance on *Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063 (9th Cir. 2008), is misplaced. That case involved a small-company record the court found consistent with the agency's conclusion that the beneficiary remained too entangled in day-to-day operations. Here, by contrast, Plaintiffs have documented a managers-managers structure, an actual subordinate tier, and evidence showing that operational implementation is delegated. Moreover, the statute requires USCIS to evaluate staffing in light of the organization's reasonable needs and stage of development, and INA § 101(a)(44)(C) forbids treating headcount alone as disqualifying. King of Stones' documented structure and growth posture therefore distinguish this case from *Brazil Quality Stones* and underscore the arbitrariness of USCIS's analysis. Fourth, discounting the Chief Operating Officer solely because she is the beneficiary's spouse was improper where the record documents a bona fide officer role and actual delegated authority. Finally, the agency's approval of the EB-1C petition confirms that the same record supports a qualifying managerial or executive capacity, making the contrary I-129 denial impossible to reconcile on reasoned grounds.

Plaintiffs filed their adjustment applications in accordance with USCIS's own instructions and in reliance on the regulatory framework governing adjustment of status under 8 U.S.C. § 1255, which contemplates continued eligibility and procedural

protections for applicants awaiting adjudication. To deny those applications — and to initiate removal — on the basis of a wrongful predicate denial, without fair consideration of the pending applications and the evidence submitted, would deprive Plaintiffs of due process and short-circuit the statutory scheme Congress established for status adjustment.

Moreover, government action that interferes with a litigant's access to the courts constitutes a cognizable injury. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). Permitting USCIS to deny the I-485 applications and commence removal while this action is pending would frustrate this Court's ability to review the very determinations Plaintiffs challenge, and would do so before the Court has had an opportunity to rule. Courts in this district have granted interim relief in analogous circumstances. In *Niu v. United States*, 821 F. Supp. 2d 1164 (C.D. Cal. 2011), the court reviewing an APA challenge to the denial of an employment-based petition barred USCIS from taking adverse action against the plaintiff's path to permanent residence while the APA claim was litigated, having found the agency's denial likely an abuse of discretion. That is the arbitrary-and-capricious standard governing review of USCIS petition adjudications. See *Kazarian v. USCIS*, 596 F.3d 1115 (9th Cir. 2010). At a minimum, Plaintiffs raise serious questions going to the merits, and the balance of hardships tips sharply in their favor.

**B. Plaintiffs Will Suffer Irreparable Harm**

Irreparable harm is established where government action would render judicial review meaningless or impossible. *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir.

2011). Here, denial of the I-485 applications and the issuance of NTAs would immediately strip Mr. Carvalho of lawful presence and employment authorization and would expose the entire family to removal before this Court could review the challenged denials. The loss of the adjustment pathway is itself irreparable. In *Niu v. United States*, 821 F. Supp. 2d 1164 (C.D. Cal. 2011), the court held that the threatened loss of a petition necessary to adjust status was irreparable harm, and rejected the government's contention that the availability of a later administrative response and appeal could cure it. Nor is the harm here speculative: unlike cases denying relief where removal merely "may" cause an applicant to abandon a pending application at some indefinite future point, the April 2, 2026 RFE fixes a concrete deadline after which the I-485 applications will be denied for the precise reason Plaintiffs cannot cure without the relief sought, the unlawful L-1A denial.

The threatened harm is imminent and concrete, not contingent. USCIS has already issued an April 2, 2026 Request for Evidence demanding proof of lawful status at the time of filing, and that demand is traceable directly to the March 24, 2026 I-129 denial Plaintiffs challenge here. Unless the denial is set aside or its effects are held in abeyance, the family's pending I-485 applications face an immediate and practical risk of denial on the very ground created by the unlawful petition decision. The RFE is not a routine or speculative request: it conditions continued adjudication of the I-485 applications on proof that Mr. Carvalho maintained lawful status, and warns that the applications will be denied absent such proof. Because the only basis on which Plaintiffs could establish that status,

the L-1A petition, was extinguished by the very I-129 denial challenged here, denial of the I-485 applications is a near-certain consequence of the unlawful petition decision rather than a contingent possibility. The accompanying declaration of Mr. Carvalho establishes the present consequences of the I-129 denial, the posture of the I-485 applications, and the concrete near-term harms to employment authorization, lawful presence, and family stability that follow if USCIS acts on that predicate denial before the Court can review it.

Mr. Carvalho's loss of lawful employment is particularly harmful because his I-485 application remains pending. By acting to deny adjustment during the pendency of the application, USCIS would contravene the statutory protections of 8 U.S.C. § 1255, which contemplate continued eligibility and procedural rights for applicants awaiting adjustment. The loss of employment authorization would make it impossible for Mr. Carvalho to lawfully work, maintain a driver's license, or sustain the business operations on which the family depends.

Mr. Carvalho's employment is the sole source of income for his household, upon which his wife and three daughters depend entirely. Without it, the family cannot meet basic needs — food, insurance, medical care, and his daughter's college tuition. His three daughters, who are excelling academically and have built their schooling, friendships, and community here, have already suffered severe emotional distress and anxiety under the threat of removal. The family has committed itself permanently to the United States, transferring its savings and selling its property in Brazil to invest in a home here, and

reasonably fears returning to Brazil, where its members have been victimized on multiple occasions. Mr. Carvalho's widowed mother and his sister's family live next door; removal would sever these close familial bonds.

**C. The Balance of Hardships Tips in Plaintiffs' Favor and the Injunction Is in the Public Interest**

The balance of equities unequivocally tips in favor of Plaintiffs, particularly in light of the severe impact of the loss of livelihood and the threat of family separation. When fundamental rights, including due process and the family's lawful pursuit of permanent residence, are implicated, the balance of equities tips sharply in the movant's favor. *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

By contrast, Defendants suffer little or no cognizable hardship from an order that merely preserves the status quo while this action proceeds. Maintaining Plaintiffs' pending applications and lawful presence imposes no meaningful burden on the government, whereas denial and removal would inflict irreparable harm that no later judgment could undo. These consequences far outweigh any administrative convenience the government might claim. So too in *Niu*, the court found that the government's asserted interest in remaining free to act amounted to no more than the generalized inconvenience of being restrained in a single case, insufficient to outweigh the movant's threatened loss of permanent-residence eligibility. *Niu v. United States*, 821 F. Supp. 2d 1164 (C.D. Cal. 2011).

The public has a strong interest in ensuring that the government respects its own rules and adjudicates applications fairly and lawfully. *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). Granting an injunction would serve the public interest by ensuring the integrity of these proceedings, by holding the agency to the statutory and regulatory framework Plaintiffs relied upon, and by preventing enforcement action premised on a wrongful predicate denial. There is, moreover, no public interest in the perpetuation of unlawful agency action. See *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758 (2021); *Araujo-Contreras v. Janecka*, No. EDCV 25-03442-KK-MBK, 2025 U.S. Dist. LEXIS 265416 (C.D. Cal. Dec. 23, 2025) (granting injunctive relief in an immigration matter on this basis). Because Defendants are government entities, the balance-of-equities and public-interest factors merge. *Nken v. Holder*, 556 U.S. 418 (2009).

**D. No Security Should Be Required**

The Court should exercise its discretion under Federal Rule of Civil Procedure 65(c) to waive the security requirement or to require only a nominal bond. A district court has discretion to dispense with a bond, or to set it at zero, where the balance of harm to the enjoined party is slight and requiring security would be inappropriate. See *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005); *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). Here, the relief sought merely preserves the status quo

against a government agency that will incur no monetary loss, while Plaintiffs are a single-income family of limited means. No bond, or at most a nominal bond, should be required.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a preliminary injunction pending final resolution of this case. Plaintiffs have shown a likelihood of success (or, at minimum, serious questions going to the merits) in establishing that the denial of the predicate I-129 petition was wrongful and that any denial of the pending I-485 applications on that basis would be unlawful; that the family faces immediate and irreparable harm absent relief; that the balance of equities tips sharply in their favor; and that an injunction serves the public interest. Plaintiffs therefore respectfully request that the Court:

(A) Enjoin Defendants from giving present effect to the March 24, 2026 denial of the Form I-129 petition in a manner that defeats or terminates the meaningful pendency of Plaintiffs' Forms I-485 while this action is pending;

(B) Order Defendants to preserve the pendency of Plaintiffs' Forms I-485 and to refrain from adjudicative action that renders this Court's review of the challenged I-129 denial ineffectual while interim relief remains in place;

(C) Maintain Plaintiffs' eligibility to seek continued ancillary benefits tied to the pending adjustment applications, including employment authorization, during the pendency of this action to the extent necessary to preserve the status quo;

(D) Waive the security requirement of Federal Rule of Civil Procedure 65(c) or, in the alternative, require only a nominal bond; and

(E) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted on June 23, 2026.

/s/ Marcelo Gondim
Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I electronically filed the foregoing PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, together with the supporting Memorandum of Points and Authorities, by using the CM/ECF system, in accordance with the U.S. District Court for the Central District of California's CM/ECF Administrative Procedures and Local Rules. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Marcelo Gondim
Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiffs